UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x

In re:                                :

SCOTT BRASS, INC.                     :      BK No. 08-13702
                Debtor                       Chapter 7


- - - - - - - - - - - - - - - - - -x

JOSEPH M. DIORIO, TRUSTEE             :
                Plaintiff

v.                                    :      A.P. No. 10-1044

MICHAEL W. LISSNER and                :
LISSNER ASSOCIATES, LTD.
                Defendants

- - - - - - - - - - - - - - - - - -x


### DECISION AND ORDER DENYING DEFENDANT MICHAEL W. LISSNER'S MOTION TO DISMISS

APPEARANCES:

        Joseph M. DiOrio, Esq,
        Gardner H. Palmer, Esq.
        James G. Atchison, Esq.
        Attorneys for Trustee/Plaintiff
        Law Offices of Joseph M. DiOrio, Inc.
        144 Westminster Street, Suite 302
        Providence, Rhode Island 02903

        W. Mark Russo, Esq.
        Moshe S. Berman, Esq.
        Ferrucci Russo P.C.
        Attorneys for Michael W. Lissner/Defendant
        55 Pine Street-4th Floor
        Providence, Rhode Island 02903


**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 08-13702; A.P. No. 10-1044

Heard on Defendant Michael W. Lissner's ("Lissner") Motion to Dismiss the Trustee's four count Complaint against him.  The Trustee alleges that Lissner, in his individual capacity: (1) breached his fiduciary duty to Scott Brass, Inc., (the Debtor), *Complaint, Count I, ¶¶ 40, 43*; (2) was the recipient of a fraudulent transfer under 11 U.S.C. § 548, *Complaint, Count II*; (3) was the recipient of a fraudulent transfer under the Uniform Fraudulent Transfer Act, *Complaint, Count III*; and (4) that said fraudulent transfers are avoidable under § 548, and recoverable under 11 U.S.C. § 550, as Lissner was the initial transferee, or the immediate or mediate transferee of such transfers, or the person for whose benefits the transfers were made. *Complaint, Count IV.*[1]

Lissner disputes the allegations and requests dismissal of the Complaint on the grounds:  (a) that he was not a fiduciary of the Debtor, Defendant's Memorandum at 9-11; (b) that he, individually, was not a transferee, Defendant's Memorandum at 7-8;[2] and (c) that, as to the issue of fiduciary duty, the Debtor's Board of Directors is an indispensable party, and that the Trustee's failure to join the Board is fatal and requires dismissal.  Defendant's Memorandum at 12-14.

---

[1] The Trustee's Complaint sets out identical claims against Lissner Associates, Ltd., but the Motion to Dismiss is filed only on behalf of Michael W. Lissner individually.

[2] Lissner, the individual, contends that Lissner Associates, Ltd., was the transferee.  Defendant's Memorandum, at 7.

1

BK No. 08-13702; A.P. No. 10-1044

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012(b), a complaint must contain sufficient facts which, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007). In addition, the Court must "accept[] as true all well-pleaded facts in the complaint and draw[] all reasonable inferences in the plaintiffs' favor." *Freedom From Religion Foundation v. Hanover School District*, 626 F.3d 1,6 (1st Cir. 2010).

In seeking dismissal of Counts II, III and IV on the ground that he was not a transferee of any funds from the Debtor, Lissner relies heavily on *Lassman v. Hollis Meddings Group, Inc., and Joseph Meddings (In re Charles River Press Lithography, Inc.*), 381 B.R. 421 (Bankr. D. Mass. 2008). In *Lassman* the court dismissed certain counts of a trustee's complaint against a firm in its capacity as a corporate workout consultant, and against that firm's vice president. That litigation, however, was heard and argued on summary judgment, 381 B.R. at 431, and not, as here, on a motion to dismiss, where the standard is very deferential toward the party opposing dismissal (here, the Trustee). Moreover, as he points out in his Objection at 3-4, the Trustee raises claims against Lissner under § 550(a)(2), *Complaint ¶ 55*, that were not at issue in *Lassman*. In light of the allegations, and at this early stage of

2

BK No. 08-13702; A.P. No. 10-1044

the proceedings, there is no basis for the Court to rule that the
Trustee is unable to prove any set of facts that would entitle him
to dispositive relief, *see Rivera-Gomez v. de Castro*, 843 F.2d 631,
635 (1ˢᵗ Cir. 1988).  Therefore, the Motion to Dismiss as to Counts
II, III and IV is **DENIED**.

Regarding Count I of the Complaint, Lissner spends much of his
time arguing that he owed no fiduciary duty to the Debtor because
his relationship with the Debtor was governed by, and limited to the
terms of the contract between Scott Brass, Inc. and Lissner
Associates, Ltd.  In response, the Trustee references ¶¶ 15, 19, 20,
21 of the Complaint, that, despite his role as "Chief Restructuring
Officer of the Company," who did have a fiduciary duty to the
Debtor, Lissner effectively was acting on behalf of the Debtor's
senior secured lender, Wachovia Capital Finance Corporation (New
England)("Wachovia"), and not on behalf of the Debtor.

Finally, Lissner argues, as best we can understand, that Count
I should be dismissed on the alternative ground that the Trustee
failed to join the Debtor's Board of Directors as a party.  Lissner
contends, pursuant to *Fed. R. Bankr. P. 7019,* that the Board is a
necessary party whose absence from the case will prevent the Court
from rendering complete relief among the existing parties.  Why or
how this is so, is not explained.  Nevertheless, from that starting
point, Lissner then makes the incomprehensible argument that joinder
would not be feasible, as the Board could then raise the business

3

BK No. 08-13702; A.P. No. 10-1044

judgment rule in defense of approving all its dealings with Lissner and Lissner Associates, Ltd., and all of Lissner's actions concerning the Debtor.  Therefore, Lissner argues that because this "indispensable party" cannot be joined, Count I of the Complaint must be dismissed.  The Trustee's response, i.e., that the Complaint alleges that Lissner acted on behalf of Wachovia, and not the Debtor, thus breaching his (Lissner's), not the Board's fiduciary duty, best answers this convoluted argument, which raises to a new level, the notion of having one's cake and eating it, too.

Based on the pleadings and the arguments, we cannot say at this point that the Trustee's proof will utterly fail, and therefore the Motion to Dismiss as to Count I is **DENIED**, as well.

For the reasons expressed in this decision, the Motion to Dismiss is **DENIED** in its entirety.

Entered as an Order of this Court.

Dated at Providence, Rhode Island, this      9th      day of February, 2011.

Arthur N. Votolato
U.S. Bankruptcy Court

Entered on docket: 2/9/11

4